UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60589-CIV-DIMITROULEAS

MARVIN CARDENAS,

    Plaintiff

    vs.

BUCHANAN SERVICES, INC.
a Florida Corporation,

    Defendant.
_____/

## ORDER VACATING FINAL DEFAULT JUDGMENT

THIS CAUSE is before the Court upon Defendant's Unopposed Motion to Vacate Default Final Judgment, filed herein on April 14, 2008. [DE-27]. The Court has carefully considered the Motion, the parties' responses to this Court's Order to Show Cause [DE-29; DE-31], the parties' Settlement Agreement [DE-30], and is otherwise fully advised in the premises.

In the instant Motion, Defendant Buchanan Services, Inc. seeks to vacate the Default Final Judgment for Plaintiffs, entered by this Court on February 8, 2008 [DE-26]. In support, Defendant argues that though served with a copy of the Summons and Complaint in this matter on May 14, 2007, making the response due on or before June 4, 2007, it was a "mere oversight" that a response was not timely filed. Defendant seeks to set aside the Default Judgment, indicating that following the entry of the Judgment, it entered into a Confidential Settlement Agreement and Release with the Plaintiff. This Court issued an Order to Show Cause on April 16, 2008, requiring the Defendant to indicate why the default judgment should be vacated and for the Plaintiff to demonstrate his position.

This Court has the discretion to set aside a default judgment under Federal Rule of Civil Procedure 60(b), however, the defaulting party must satisfy two requirements.  First, the defaulting party must establish "that it had a meritorious defense to the action that might have affected the outcome." Gulf Coast Fans, Inc. v. Midwest Elec. Imps., Inc., 740 F.2d 1499, 1511 (11th Cir. 1984) (citing Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969); C. Wright and A. Miller, Federal Practice and Procedure, § 2697); see also, McGrady v. D'Andrea Elec., 434 F.2d 1000, 1001 (5th Cir. 1970)[1] ("The court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there was good reason for the default and that he has a meritorious defense to the action.") (citation omitted).  To meet the "meritorious defense" requirement, the defaulting party must "make an affirmative showing of a defense that is likely to be successful." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (citing United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir. 1984)).  Second, the movant must demonstrate that vacating the judgment will not prejudice the nondefaulting party.  Gulf Coast Fans, 740 F.2d at 1511 (citing C. Wright and A. Miller, Federal Practice and Procedure, § 2699).

The Court finds the parties have demonstrated that the default judgment should be set-aside.  Defendant has indicated that it had not received a copy of the Summons and Complaint due to the negligence of an employee and attempted to resolve the issues without a lawyer upon learning of the default judgment (and admit to not realizing that a settlement of Fair Labor

---

[1] The Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Standard Act claims must be approved by the Court).  Defendants also demonstrate they would have had a meritorious defense on the grounds that Plaintiff did not work the hours alleged in the Complaint.  Furthermore, and most significantly, Plaintiff does not object to the instant motion and the parties have indicated they entered into an amicable settlement, which they have enclosed for the Court's approval.  Thus, the Court finds that the Plaintiff would not be prejudiced by setting aside the default.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1)  Defendant's  Unopposed Motion to Vacate Default Final Judgment [DE-27] is hereby **GRANTED**.

2) This Court's Order of February 8, 2008 Granting Default Judgment, Entering Judgment in Favor of Plaintiff, and Closing Case [DE-is hereby **VACATED**.  The Default Judgment against Defendant  Buchanan Services, Inc. is hereby **SET ASIDE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of May, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Orlando Antelo, Jr., Esq.

Eric T. Salpeter, Esq.